Lee R. PELCHER d/b/a/ LRP Builders, LLC, Plaintiff,

v.

CITY OF MIAMI, Defendant.

Case No. 13–20539–CIV.

United States District Court,
S.D. Florida,
Miami Division.

May 8, 2013.

Michael Alan Shiffman, Rotstein & Shiffman, Daytona Beach, FL, for Plaintiff.

Henry Joseph Hunnefeld, Miami City Attorney's Office, Miami, FL, for Defendant.

### ORDER

CECILIA M. ALTONAGA, District Judge.

On March 19, 2013, the Court granted Defendant, City of Miami's ("City['s]") Motion to Dismiss [ECF No. 12] Plaintiff, Lee R. Pelcher's ("Pelcher['s]") Complaint by default, due to Pelcher's failure to oppose the Motion by filing a timely response as required by Local Rule 7.1(c). (*See* Order [ECF No. 22] ). Pelcher was allowed to file an amended complaint, which he eventually did on April 19, 2013. (*See* Am. Compl. [ECF No. 38] ). The City there-upon filed a Motion to Dismiss Plaintiff's Amended Complaint ("Motion") [ECF No. 45], raising several substantive arguments, to which Pelcher responded with a two-page Response [ECF No. 46], which fails to comply with Local Rule 7.1(c) as it is not truly a "memorandum of law." Nevertheless, the Court has carefully reviewed the parties' written submissions and applicable law, and for the reasons explained below, grants in part the Motion, remanding the case to the state court from where it was removed for resolution of the remaining state law claims.

### I. BACKGROUND

The Amended Complaint alleges that on July 22, 2011, Pelcher received a notice from the City stating that LRP Builders, LLC was in violation of the City Code for property located in Miami, Florida, and Pelcher was fined. (*See* Am. Compl. ¶ 7). On July 29, 2012, Pelcher responded advising he did not own the property, but nonetheless, the City sent him another notice of violation on August 8, 2012. (*See id.* ¶¶ 8, 9). On August 17, 2012, Pelcher responded citing the July 29 letter, and he did so again on September 27, 2012. (*See id.* ¶¶ 10, 11). On October 10, 2012, Pelcher received a statement from the City in the amount of $2,533.25 for trash citation fines, code enforcement ticket liens and lot clearing, and so on November 1, 2012, he once more tried to explain that he did not own the property. (*See id.* ¶¶ 12, 13). On November 9, 2012, Pelcher received notices from PennCredit attempting to collect the fees and liens on behalf of the City. (*See id.* ¶ 14).

On these facts Pelcher states three claims against the City. The first is for negligence (Count One), on the basis that the City knew or should have known that Pelcher does not own the property, the City owed Pelcher a duty to check owner-

ship of the property, and it breached that duty, causing Pelcher damages. (*See id.* ¶¶ 16–20). Pelcher then states a claim for intentional infliction of emotional distress (Count Two), repeating almost verbatim the allegations stated in Count One. (*See id.* ¶¶ 22–36). Finally, Pelcher states a claim of a violation of the Federal Fair Credit Reporting Act ("FCRA") (Count Three), the only federal claim raised and the claim upon which the City removed this case (*see* Removal Status Report [ECF No. 13]). In Count Three, Pelcher alleges that the City reported to a collection agency a report that contained inaccurate information about a nonexistent debt owed by Pelcher to the City, and the City was negligent in failing to follow reasonable procedures to assure the maximum accuracy of the information reported, in violation of section 607 of the FCRA, 15 U.S.C. § 1681e. (*See* Am. Compl. ¶ 48).

In the Motion the City challenges all counts of the Amended Complaint, but the Court only addresses the arguments regarding the sufficiency of Count Three. Coincidentally, Pelcher does not address at all the arguments regarding Count Three in his Response.

## II. STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal,* 556 U.S. at 679,

129 S.Ct. 1937 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 127 S.Ct. 1955 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1261 (11th Cir.2009) (citing *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997).

## III. ANALYSIS

██ With regard to Count Three, the City argues that it is not a "consumer reporting agency" as that term is defined in 15 U.S.C. section 1681a. (*See* Mot. 10). A "consumer reporting agency" is "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information ... for the purpose of furnishing consumer reports to third parties...." 15 U.S.C. § 1681a(f). The City argues it is not a consumer reporting agency, relying on *Menefee v. City of Country Club Hills,* No. 08 C 2948, 2008 WL 4696146 (N.D.Ill. Oct. 23, 2008). (*See* Mot. 10). Yet, while it is indeed true that the primary function of the FCRA is to regulate the actions of credit reporting agencies, the FCRA also imposes obligations on parties that furnish information to such agencies, such as the City is alleged to have done here. *See* 15 U.S.C. § 1681s–2; *Howard v. Mun. Credit Union,* No. 05 Civ. 7488(LAK), 2008 WL

782760, at *7 (S.D.N.Y. Mar. 25, 2008) (citation omitted).

■ Subsection 1681s–2(a) requires furnishers of information to report information accurately to credit reporting agencies and to update and correct the information reported. *See id.* Subsection 1681s–2(a) is of no benefit to Pelcher, for the duties it imposes are only enforceable by a government agency or official; no private right of action is available to an aggrieved party. *See id.* § 1681s–2(c)–(d); *see also Donovan v. Bank of Am.,* 574 F.Supp.2d 192, 205 (D.Me.2008) ("Sections 1681s–2(c) and (d) explicitly provide that only federal and state officials have authority to enforce subsection (a). The cases agree." (citations omitted)). Another provision of the FCRA upon which Pelcher might conceivably rely is subsection 1681s–2(b), which requires that furnishers of information, upon being notified by a consumer reporting agency that a consumer disputes the accuracy of the information furnished, investigate and undertake other actions. *See* 15 U.S.C. § 1681s–2(b); *Howard,* 2008 WL 782760, at *7 (citation and footnote call number omitted). This subsection, too, does not save Pelcher's FCRA claim, as it requires that Pelcher allege notice was given to the furnisher of information (the City) from the consumer reporting agency in order to trigger the duties contained in subsection 1681s–2(b). *See* 15 U.S.C. § 1681s–2(b); *Howard,* 2008 WL 782760 at *8 (citation omitted); *Foxx v. Ocwen Loan Servicing, LLC,* No. 8:11–CV–1766–T–17EAK, 2012 WL 2048252, at *5 (M.D.Fla. June 6, 2012) ("In other words, a private right of action for violations of § 1681s–2(b) exists only for violations post-dating the furnisher's receipt of a report *from the credit reporting agency.*") (internal quotation marks and citation omitted; emphasis in original). The Amended Complaint contains no such allegation. In short, Count Three fails to state a claim for relief and must be dismissed.

■ Because Count Three was the sole basis upon which the case was removed from state court, its dismissal requires the Court to consider not whether the two state law claims state plausible claims for relief, but rather, whether the Court should retain jurisdiction over the case at all. Jurisdiction over the claims stated in Counts One and Two comes under the doctrine of supplemental or pendent jurisdiction, codified in 28 U.S.C. section 1367. *See Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 742 (11th Cir.2006) (footnote call number omitted). Pursuant to section 1367(c), the Court has discretion not to exercise supplemental jurisdiction over these claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court finds it appropriate to decline to exercise jurisdiction over these pendent state claims. *See Utopia Provider Sys., Inc. v. Pro–Med Clinical Sys., L.L.C,* 596 F.3d 1313, 1328 n. 30 (11th Cir.2010) ("We note that the district court, after dismissing the copyright law claim, also could have dismissed the state law claims pursuant to § 1367(c)(3)."). And thus, rather than dismiss the action in its entirety as the City requests, the Court will remand this action to the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County, Florida.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the City's Motion to Dismiss Plaintiff's Amended Complaint **[ECF No. 45]** is **GRANTED** in part. Count Three is dismissed. The Clerk is instructed to remand this case to the Eleventh Judicial

Circuit in and for Miami–Dade County, Florida.